IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

AUBREY FITZGERALD, *et al,*

Case No. 1:19-cv-~~001704~~-CL

Plaintiffs,

v.

**OPINION AND ORDER**

SCOTT MARICAL, *et al,*

Defendants.

CLARKE, Magistrate Judge.

Plaintiff Aubrey Fitzgerald, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action on her own behalf and on behalf of her minor child, D.F. For the reasons stated below, Plaintiffs' complaint (#1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiff's IFP application (#6) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant

to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se*

litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I.    The Complaint is dismissed for failure to state a claim.

Plaintiff has completed the paperwork provided by the Court titled, "Complaint for a Civil Case." According to the form, she[1] intends to bring suit against Scott Marical, Ashland City Police Officer; "Suzanne Cutler and Wendy Shumway, "Housewife, 'Priesthood Holder,' members of the church of Latter-Day Saints;" "Deena Harris, Amanda Roberson, Kerry Avalon, Leilani Humphries, and Kelly Packard;" as well as Hon. Benjamin Bloom and Hon. Patricia Crain, Jackson County Circuit Court Judges. Plaintiff lists numerous federal statutes and provisions of the United States Constitution as being at issue in the case, including the Fair Housing Act, the Rehabilitation Act, the Americans with Disabilities Act, and various clauses of the First, Sixth, Eight, Ninth, Thirteenth, and Fourteenth Amendments.

The narrative written by Plaintiff in order to explain her claims is extremely confusing, and very little of it connects the named defendants to the federal statutes and constitutional claims she lists. A few main themes are apparent, however. Plaintiff experienced a medical emergency in 2015 and was hospitalized for a period of time. She also had an ongoing legal proceeding, which she feels was unfairly resolved against her. Her son was removed from her care and custody, and, although she admits that this happened while she was incapacitated in the emergency room, she claims that the removal was equivalent to a hate crime against her and her

---

[1] As a preliminary matter, the Court notes that Plaintiff may proceed in litigation as a self-represented party, but she may not bring legal claims on behalf of another person unless she is a lawyer, properly admitted to federal court. As it appears that Ms. Fitzgerald is not an attorney, her attempt to bring claims on behalf of her minor son, D.F., is not appropriate. Because this case is dismissed, this issue is not dispositive, and the Court need not make an official ruling. However, if she files an amended complaint, Plaintiff should be advised that she may not represent anyone other than herself in this Court.

son. She is currently pregnant and she is afraid that DHS will remove the baby from her care

when he is born. Finally, Plaintiff claims that the adoption of her first-born son into a family who

are members of the Church of Latter-Day Saints is a violation of the Constitutional principle

known as "the separation of church and state."

The Court is certainly sympathetic to the idea that Ms. Fitzgerald has suffered, medically

and legally. Unfortunately, Plaintiff fails to request relief that is within the Court's authority to

grant. Federal Courts are courts of limited jurisdiction. The *Younger* abstention doctrine

deprives federal courts of jurisdiction in ongoing state criminal proceedings in circumstances

where the federal court is being called upon to interfere with or obstruct such state judicial

proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *Canatella v. California*, 304 F.3d 843. 850

(9th Cir. 2002). On the civil side, pursuant to the *Rooker–Feldman* doctrine, federal courts lack

subject matter jurisdiction "when the federal plaintiff both asserts as her injury legal error or

errors by the state court *and* seeks as her remedy relief from the state court judgment."

*Kongasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); *Cooper*, 704 F.3d at 777–78. *See*

*also Meek v. Zopan*, 2017 WL 902864, at *3 (D. Or. Mar. 6, 2017). In other words, if Plaintiff is

dissatisfied with the outcome of a case in state court, she may not attempt to overturn that

outcome by challenging that case in federal court. In order to challenge the outcome of a

custody dispute, for instance, a person must appeal that state court judgment to the Oregon Court

of Appeals. Attempting to challenge it in federal court is an improper collateral attack.

Therefore, any claims asserted by Plaintiff that arise out of a state court proceeding and attempt

to overturn the outcome of that proceeding will not be allowed.

Additionally, while the Court must liberally construe any claims Plaintiff makes as a self-

represented party, certain claims are simply barred. For instance, judges and those performing

judge-like functions are absolutely free from liability for damages for acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Judicial immunity from claims for damages generally can be overcome only in two sets of circumstances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *See Hyland v. Wonder*, 117 F.3d 405, 413 n. 1 (9th Cir.1997) (holding that judge may lose protection of judicial immunity when performing administrative act). Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir.2000) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).

In this case, Plaintiff does not allege that Judge Bloom or Judge Crain took any actions outside of their judicial capacity. Indeed, Plaintiff's main complaints include decisions made regarding custody of Plaintiff's son and Plaintiff's own charges of contempt of court and violation of a no-contact order. None of these allegations meet the requirements to allow Plaintiff to bring a claim for damages against a judge. The claims against these defendants are barred.

Plaintiff's other allegations are implausible to the point of being frivolous. She claims that Officer Marical conspired with "religious zealots" to kidnap her son while she was incapacitated in the emergency room. Later in the narrative it becomes clear that she lost custody of her son in legal proceedings in state court. Plaintiff must therefore seek redress of that decision in state court.

Plaintiff claims that the actions taken against her regarding the custody of her child were motivated by religious hatred because her family are "Irish-American survivors of Catholic holocaust," but she does not connect this conclusory claim with any factual allegations against any specific defendant. Plaintiff also discusses in-depth a theory of "maternal cellular damages," but does not state any factual allegations that amount to a cognizable claim for relief in relation to those damages. Thus, Plaintiff has failed to plead a proper claim for relief under federal pleading standards.

## CONCLUSION

For the reasons set forth above, the Complaint (#1) is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time may result in the entry of a judgment of dismissal. Should Plaintiff choose to amend her complaint, the Court would encourage her to consult the Court's Guide for Self-Represented parties[2] and fill out her paperwork accordingly. Plaintiff's IFP application (#6) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

It is so ORDERED and DATED this ___6___ day of September, 2019.

MARK D. CLARKE
United States Magistrate Judge

---

[2] For more guidance on how to properly state a claim and file a complaint, Plaintiff may consult the Court's "Guide for Self-Representation," which can be found at the District of Oregon's public website <www.ord.uscourts.gov> under the tab entitled, "Information about representing yourself."